United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THARON HILL,                          )    No. C 07-5175 MMC (PR)
                                      )
              Petitioner,             )
                                      )    **ORDER TO SHOW CAUSE**
    v.                                )
                                      )
BOARD OF PRISON HEARINGS,             )
                                      )
              Respondent.             )
_____)

On October 9, 2007, petitioner, a California prisoner incarcerated at San Quentin State

Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of

Parole Hearings ("Board").[1]  Petitioner has paid the filing fee.

**BACKGROUND**

In 1988, in the Superior Court of Butte County, petitioner was convicted of conspiracy

to commit first degree murder.  He was sentenced to a term of twenty-five years to life in

state prison.  On December 19, 2006, the Board found petitioner unsuitable for parole.  On

September 25, 2007, the California Supreme Court denied petitioner's state habeas corpus

petition challenging the Board's decision.

_____

[1]Petitioner has named the "Board of Prison Hearings" as respondent, which appears to
be a reference to the Board of Prison Terms, an entity that was abolished as of July 1, 2005
and replaced by the Board of Parole Hearings.  See Cal. Penal Code § 5075(a).

**United States District Court**

For the Northern District of California

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner claims the Board violated his federal constitutional right to due process by denying him parole without sufficient evidence to support its decision that his release would pose an unreasonable risk to public safety.  Liberally construed, petitioner's claim is cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.  The Clerk shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

**United States District Court**
For the Northern District of California

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

2  the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3    3.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

4  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

5  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

6  such a motion, petitioner shall file with the Court and serve on respondent an opposition or

7  statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

8  respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

9  the date any opposition is filed.

10    4.  Petitioner is reminded that all communications with the Court must be served on

11  respondent by mailing a true copy of the document to respondent's counsel.

12    5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

13  Court and respondent informed of any change of address and must comply with the Court's

14  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

15  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16    6.  Upon a showing of good cause, requests for a reasonable extension of time will be

17  granted as long as they are filed on or before the deadline they seek to extend.

18    IT IS SO ORDERED.

19  DATED: April 10, 2008

20                          MAXINE M. CHESNEY
21                          United States District Judge

22

23

24

25

26

27

28

3