1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5531
    Fax:  (415) 703-5843
8   Email:  Denise.Yates@doj.ca.gov
   Attorneys for Respondent Robert L. Ayers, Jr.,
9  Warden at San Quentin State Prison
   SF2008401272

10

11                    IN THE UNITED STATES DISTRICT COURT

12                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                            SAN FRANCISCO DIVISION

14

| 15 | THARON HILL,              | No. C 07-5175 MMC (PR) |
|----|---------------------------|------------------------|
| 16 | Petitioner,               | ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; |
| 17 | v.                        | SUPPORTING MEMORANDUM OF POINTS AND |
| 18 | BOARD OF PRISON HEARINGS, | AUTHORITIES |
| 19 | Respondent.               | |

20

21    As an Answer to the Petition for Writ of Habeas Corpus filed by prisoner Tharon Hill,

22 Respondent Robert L. Ayers, Jr., Warden at San Quentin State Prison, admits, alleges, and denies

23 that:

24    1.    Tharon Hill (D-87967) is in the lawful custody of the California Department of

25 Corrections and Rehabilitation following his conviction of conspiracy to commit first degree

26 murder, for which the trial court sentenced him to a term of twenty-five years to life. (Pet., Ex.

27 C, Nov. 17, 2006 Mental Health Evaluation at 2.) In this Petition, Hill alleges that the Board of

28 Parole Hearings's December 19, 2006 decision finding him unsuitable for parole violated his

1 federal due process rights because insufficient evidence supported the Board's decision that Hill was an unreasonable risk to public safety. (Order to Show Cause 2.) Hill does not appear to challenge the Board's separate decision denying him parole for two years. (*See generally* Pet.)[1]

2. Hill filed a petition for writ of habeas corpus in the Superior Court of Butte County, generally alleging the same claim that he does in this Petition. (Ex. 1.) The superior court denied the petition, finding that Hill had "failed to establish a prima facie case for relief on habeas corpus (In re Lawler 23 Cal.3rd 190, 194)." (Ex. 2 at 1.)

3. Following the superior court's denial, Hill then generally alleged the same claim in a petition for writ of habeas corpus filed in the California Court of Appeal (Ex. 3) and in a petition for review filed in the California Supreme Court (Ex. 5). The petitions were summarily denied. (Exs. 4, 6.)

4. Respondent admits that Hill exhausted his state court remedies regarding his claim that the Board's 2006 decision finding him unsuitable for parole violated his federal due process rights because insufficient evidence supported the Board's decision that Hill was an unreasonable risk to public safety. Respondent denies that Hill has exhausted this claim to the extent it is interpreted more broadly to encompass any systematic issues beyond this claim.

5. Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1). Respondent admits that the Petition is not subject to any other procedural bar.

6. Respondent denies that Hill is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of,

---

1. Hill also alleges that the Board did not uphold its "own rules and regulations" and did not properly show that his crime was "beyond the minimum elements necessary" to sustain a conviction for his offense. (Pet. 1-2.) This Court did not address these claims in the Order to Show Cause presumably because they address how the Board considered state law, which does not warrant federal habeas relief. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (noting that federal habeas relief is not available to "reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (noting that a habeas petitioner may not transform a state law issue into a federal one merely by asserting a due process violation). This Court also did not acknowledge Hill's meritless claim that the appropriate standard of judicial review is "a preponderance of the evidence." (Pet. 6-9.) Accordingly, Respondent will not address these claims unless this Court specifically orders briefing.

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.    *Hill v. Bd. of Prison Hearings*
No. C 07-5175 MMC (PR)

2

1  clearly established federal law as determined by the United States Supreme Court, or based on an
2  unreasonable determination of the facts.

3    7. Respondent denies that Hill has a federally protected liberty interest in parole and,
4  therefore, alleges that he has not stated a federal question invoking this Court's jurisdiction. The
5  Supreme Court of the United States has not clarified the methodology for determining whether a
6  state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of*
7  *Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release
8  date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S.
9  472, 484 (1995) (federal liberty interest in correctional setting created only when issue creates an
10 "atypical or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545
11 U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty
12 interest). California's parole statute does not contain mandatory language giving rise to a
13 protected liberty interest in parole under the mandatory-language approach announced in
14 *Greenholtz*. And continued confinement under an indeterminate life sentence does not impose an
15 "atypical or significant hardship" under *Sandin* because a parole denial does not alter a prisoner's
16 sentence, impose a new condition of confinement, or otherwise restrict his liberty while he serves
17 his sentence. Thus, Respondent asserts that Hill does not have a federal liberty interest in parole
18 under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of*
19 *Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole
20 statute creates a federal liberty interest in parole under the mandatory-language analysis of
21 *Greenholtz*, but this issue is currently under review by an en banc panel of the Ninth Circuit.
22 *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).

23   8. Even if Hill has a federal liberty interest in parole, he received all due process to
24 which he is entitled under clearly established federal law because he was provided with an
25 opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442
26 U.S. at 16; (*e.g.*, Ex. 1, Ex. A at 105-111).

27   9. Respondent denies that the some-evidence test is clearly established federal law in
28 the parole context.

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A. *Hill v. Bd.of Prison Hearings*
No. C 07-5175 MMC (PR)

3

1      10.    Respondent denies that: the Board's 2006 decision violated Hill's due process rights, was arbitrary and capricious, was an abuse of discretion, and was not supported by some relevant and reliable evidence; the Board relied on the commitment offense alone; the state courts inappropriately relied on any case law addressing parole decisions where the underlying crime was murder; the examples provided in section 2402, subdivisions (c)-(d) of title 15 of the California Code of Regulations are exclusive examples of the factors listed; a prisoner's right not to discuss the crime at a parole consideration hearing precludes the Board from finding that the prisoner does not have sufficient insight into the crime; the Board improperly found that Hill needed additional therapy; and the Board decided before the hearing to deny Hill parole.

11.    Respondent denies that the Board improperly relied on Hill's 2006 psychological evaluation because California Penal Code section 5079 refers to prisoners being treated at mental health clinics, and Hill admitted that he had last received such treatment in 2002. (Ex. 1, Ex. A at 4-5.)

12.    Respondent denies that clearly established United States Supreme Court law requires that the Board find the crime to be beyond the minimum elements necessary for a conviction for that crime to rely on the crime, requires the Board to discuss every single factor under section 2402, subdivisions (c)-(d), of title 15 of the California Code of Regulations when denying parole, prohibits the Board from continually relying on the nature of the crime or any unchanging factor when determining his parole suitability, establishes that an unchanging factor is not probative of the issue of current danger, and requires that a parole denial be based on post-conviction factors in part or in whole.

13.    Respondent denies that Hill is challenging the Board's separate decision to deny him parole for two years. If this Court finds otherwise, Respondent denies that that decision violated Hill's due process rights.

14.    Respondent submits that an evidentiary hearing is not necessary because the claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

15.    Respondent denies that Hill is entitled to release. The remedy is limited to the

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.    *Hill v. Bd. of Prison Hearings*
No. C 07-5175 MMC (PR)

4

1 process that is due, which is a new hearing by the Board comporting with due process. *See*
2 *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole
3 is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate
4 to a favorable parole decision).

      16.    Hill fails to state or establish any grounds for habeas corpus relief.

      17.    Except as expressly admitted in this Answer, Respondent denies the allegations of the Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Hill contends that the Board's 2006 decision finding him unsuitable for parole violated his due process rights. But Hill merely alleges a disagreement with the Board's decision, and fails to establish that the state court decisions denying his due process claims are contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Thus, there are no grounds for federal habeas relief. Accordingly, this Court should deny the Petition.

## ARGUMENT

### I.

**HILL HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Hill has not demonstrated that he is entitled to relief under this standard.

////
////

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.   *Hill v. Bd. of Prison Hearings*
No. C 07-5175 MMC (PR)

5

### A. Hill Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law.

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The Constitution does not require more." *Id.*[2] No other Supreme Court holdings require more at a parole hearing.

Hill does not contest that he received the *Greenholtz* protections. (*See generally* Pet.) Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding an inmate's due process rights during parole proceedings, the state court decision upholding the Board's decision was not contrary to clearly established federal law. Thus, the Petition should be denied.

Although Hill alleges that the Board's decision must be supported by more than some evidence, there is no clearly established federal law applying even the minimal some-evidence standard to parole decisions. The Supreme Court has held that under AEDPA a test announced in one context is not clearly established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128 S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*, 127 S. Ct. at 652-54; *see also Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007); *Nguyen v. Garcia*,

---

2. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.   *Hill v. Bd.of Prison Hearings*
No. C 07-5175 MMC (PR)

6

1  477 F.3d 716, 718, 727 (9th Cir. 2007). The Supreme Court developed the some-evidence
2  standard in the context of a prison disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457
3  (1985), which is a fundamentally different context than a parole proceeding. Because the tests
4  and standards developed by the Supreme Court in one context cannot be transferred to
5  distinguishable factual circumstances for AEDPA purposes, it is not appropriate to apply the
6  some-evidence standard of judicial review to parole decisions.

7  While the Ninth Circuit has applied the some-evidence standard to parole decisions, this
8  is improper under AEDPA, and the issue is currently pending before an en banc panel of the
9  Ninth Circuit. *Hayward*, 527 F.3d 797. AEDPA does not permit relief based on circuit case law.
10 *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders decisions by lower courts non-dispositive
11 for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court
12 precedent is relevant only to the extent it clarifies what constitutes clearly established law.")
13 (citing *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000) ("Ninth Circuit precedent
14 derived from an extension of a Supreme Court decision is not 'clearly established federal law as
15 determined by the Supreme Court.'")). Therefore, the Ninth Circuit's use of the some-evidence
16 standard is not clearly established federal law and is not binding on this Court. *See, e.g., Irons v.*
17 *Carey*, 505 F.3d 846, 851 (9th Cir. 2007); *Sass*, 461 F.3d at 1128; *Biggs v. Terhune*, 334 F.3d
18 910 (9th Cir. 2003).

19  Similarly, Hill's claim that the Board's reliance on the immutable factor of his
20 commitment offense violates due process finds no support in Supreme Court precedent.
21 Although the Ninth Circuit has suggested that this might amount to an additional due process
22 claim, *Biggs*, 334 F.3d at 917, federal habeas relief is not available because there is no clearly
23 established federal law precluding reliance on unchanging factors. 28 U.S.C. § 2254(d).

24  In sum, the only clearly established federal law setting forth the process due in the parole
25 context is *Greenholtz*. Hill does not allege that he failed to receive these protections. Therefore,
26 Hill has not shown that the state court decisions denying habeas relief were contrary to clearly
27 established federal law.

28 ////

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.    *Hill v. Bd. of Prison Hearings*
No. C 07-5175 MMC (PR)

7

### B. Hill Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.

Habeas relief may only be granted based on AEDPA's unreasonable-application clause where the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-evidence standard as clearly established federal law, but even accepting that premise, Hill is not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re Rosenkrantz*, 29 Cal. 4th 616 (2002), and Hill has not shown that the state courts unreasonably applied the standard.

Looking through to the last reasoned state court decision, *Ylst v Nunnemaker*, 501 U.S. 797, 804-06 (1991), the superior court properly concluded that Hill had not stated a prima facie case for relief. (Ex. 2 at 1.) If this Court finds that the superior court's decision is not a reasoned decision, this Court should still find that after independently reviewing the record, the state courts did not clearly err in applying the some-evidence standard. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). At Hill's hearing, the Board relied on his crime, the 2006 psychological evaluation that was not totally supportive of release, his tenuous parole plans, the district attorney's opposition to parole, and Hill's lack of insight into the causative factors of the crime. (Ex. 1, Ex. A at 105-111.) The Board found that until progress was made, Hill continued to be unpredictable and a threat to others. (Ex. 1, Ex. A at 108.) Some evidence based on facts in the record support the Board's findings that Hill was unsuitable for parole.

The Board found that the crime was carried out in a very cruel and callous manner, in a dispassionate and calculated manner, and in a manner demonstrating an exceptionally callous disregard for human suffering. (Ex. 1, Ex. A at 105.) The Board also found that the motive for the crime was inexplicable and very trivial in relation to the offense. (Ex. 1, Ex. A at 105-106.) In reaching its decision, the Board recounted the commitment offense whereby Hill twice hired

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.    *Hill v. Bd. of Prison Hearings*
No. C 07-5175 MMC (PR)

8

1  people to blow up his then-wife, Vicky, against whom Hill was seeking revenge. (Ex. 1, Ex. A at
2  105-106.) Hill bought the sticks of dynamite that were used to carry out the murder. (Ex. 1, Ex.
3  A at 106.) The first attempt by John Keefe to blow up Vicky's mobile home only damaged her
4  vehicle and her front porch. (Ex. 1, Ex. A at 106.) In the second attempt, Vicky woke to the
5  sound of a prowler (Mike Hoskison, who Hill's daughter had hired at Hill's direction) holding a
6  lighted object, and Vicky shot in Hoskison's direction. (Ex. 1, Ex. A at 106.) The next day,
7  sheriff deputies found five pounds of explosive material taped outside the bedroom wall of
8  Vicky's mobile home, and found Hoskison in the nearby yard, dead of a gunshot wound. (Ex. 1,
9  Ex. A at 106-107.) The Board noted that if the explosives had detonated, many people besides
10 Vicky could have been killed or injured. (Ex. 1, Ex. A at 105, 109.)

11        In addition, the Board found that the 2006 psychological evaluation did not thoroughly
12 address an issue articulated by the previous Board, namely, Hill's insight into his role in the life
13 crime. (Ex. 1, Ex. A at 107.) Specifically, the psychologist noted that Hill did not accept
14 responsibility for what he failed to do, his insight into his interpersonal relationship problems
15 with women is limited, and because Hill continued to claim his innocence, it was difficult to rate
16 Hill's insight. (Ex. 1, Ex. A at 109-110; Ex. 1, Ex. C, Nov. 17, 2006 Psychosocial Assessment at
17 8; *see also* Ex. 1, Ex. A at 28-29 [reflecting Hill's refusal to discuss prior violence with his ex-
18 wives and his arrests for assault, battery and disturbing the peace]; Ex. 1, Ex. A at 89-90
19 [reflecting that Hill admitted he had hit a woman but not a man].) The Board noted that Hill
20 gave the impression that a conspiracy was working against Hill because all the people involved
21 in the life crime worked against him and were unfair to him. (Ex. 1, Ex. A at 110.)

22        The Board also found that Hill needed to firm up his parole plans because the Board
23 needed additional information regarding the offer of residence with the Veteran Administration
24 (Ex. 1, Ex. A at 107; *see also* Ex. 1, Ex. A at 79-80 [offering housing]; Ex. 1, Ex. B, Oct. 3, 2006
25 letter from Kyle Terzian [same].) The Board further found that Hill needed better documentation
26 of his employment and financial support, and he needed verifiable sources of his financial
27 support, as the Board has previously advised him. (Ex. 1, Ex. A at 107-108; *see also* Ex. 1, Ex.
28 A at 86-89.)

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.    *Hill v. Bd.of Prison Hearings*
No. C 07-5175 MMC (PR)

9

...

Finally, the district attorney opposed Hill's parole, noting the confusion and likely untruths with Hill's explanation of the circumstances regarding the crime, Hill's lack of insight, and that the support letters did not acknowledge Hill's life crime. (Ex. 1, Ex. A at 93-98.)

In summary, Hill has not shown that the state court unreasonably applied the some-evidence standard of *Superintendent v. Hill*, 472 U.S. 445, 454-57. Rather, Hill is requesting that this Court re-weigh his suitability, and this has no basis in federal law. *Hill*, 472 U.S. at 455. Finally, because some evidence supports the Board's 2006 decision and thus the state courts' decisions, this Court should also conclude that the state courts' decisions were based on a reasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2).

## CONCLUSION

Hill has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or were based on an unreasonable determination of the facts. Thus, this Court should deny the Petition.

Dated: September 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent Robert L. Ayers, Jr., Warden at San Quentin State Prison

Resp't's Answer to Pet. for Writ of Habeas Corpus; Supporting Mem. of P. & A.    *Hill v. Bd. of Prison Hearings*
No. C 07-5175 MMC (PR)

10

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Hill v. Board of Prison Hearings**

No.:   **C 07-5175 MMC (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 9, 2008**, I served the attached

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Tharon B. Hill, D-87967**
**San Quentin State Prison**
**1 Main Street, 1-N-26L**
**San Quentin, CA 94964**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 9, 2008**, at San Francisco, California.

|                         |                         |
|-------------------------|-------------------------|
| J. Palomino             | /s/ J. Palomino         |
| Declarant               | Signature               |

20141647.wpd