IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THARON HILL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BOARD OF PRISON HEARINGS,<br><br>　　　　　Respondent.<br>_____ | No. C 07-5175 MMC (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT**<br><br>**(Docket No. 9)** |

　　　　On October 9, 2007, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2006 denial of parole by the California Board of Parole Hearings ("Board"). Thereafter, respondent filed an answer to the petition and petitioner filed a traverse.

　　　　By order filed May 20, 2010, the Court directed the parties to file supplemental briefs setting forth their respective views as to the effect, if any, of the Ninth Circuit's recent decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th. Cir. 2010) (en banc). Specifically, the Court ordered respondent, within ten days of the date of the Court's order, to send petitioner a copy of the <u>Hayward</u> en banc decision, and, within twenty days of the date of the Court's order, to file a supplemental brief addressing the impact of Hayward on the instant action. Petitioner was ordered to file, within twenty days of the date respondent's supplemental brief was filed, a supplemental brief addressing the impact of <u>Hayward</u> on the instant action or a

notice that he did not intend to file such a brief.

Now pending before the Court is respondent's motion to dismiss the petition as moot, on the ground petitioner has been paroled. Specifically, respondent has presented evidence that shows petitioner was paroled on November 12, 2009. (Mot. Dismiss Ex. A.) Further, respondent argues the petition should be dismissed because petitioner has failed to comply with the Court's order to notify the Court of any change of address or face dismissal of the petition for failure to prosecute. (See Order to Show Cause, filed Apr. 10, 2008, at 3:12-15.)

Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted). Where a prisoner seeks release on parole and does not challenge the validity of his conviction, his habeas petition becomes moot once he is released on parole. See Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988).

In the instant petition, petitioner claims the Board violated his federal constitutional right to due process by denying him parole in 2006 without sufficient evidence to support its decision that his release would pose an unreasonable risk to public safety. Because petitioner has now been released on parole and does not challenge his conviction, however, the petition is subject to dismissal as moot. The possibility that petitioner's parole might be revoked and that he may again be subjected to the parole system does not present the kind of situation deemed "capable of repetition, yet evading review," such as to preclude a finding of mootness. Id. (internal quotation and citation omitted).

Additionally, the petition is subject to dismissal based on petitioner's failure to comply with the Court's order to timely inform the Court of any change of address. In particular, petitioner last communicated with the Court when he was still incarcerated, more than twenty months ago, specifically, when he filed his traverse on October 8, 2008.

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is

hereby DISMISSED, both as moot and by reason of petitioner's failure to comply with the Court's order.

This order terminates Docket No. 9.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 9, 2010

_____
MAXINE M. CHESNEY
United States District Judge